1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, Washington 98101-3099
   Telephone: +1.206.359.8000
4  Facsimile:  +1.206.359.9000

5  Attorney for Non-Party
   GOOGLE LLC
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

| 12 | IN RE: EX PARTE APPLICATION OF UNITED STATES OF AMERICA FOR ORDER PURSUANT TO 28 U.S.C. § 1782 (RE SUBPOENA TO GOOGLE),<br><br>Applicant. | Case No. 3:23-mc-80149-PHK<br><br>**GOOGLE LLC'S RESPONSE TO UNOPPOSED APPLICATION OF UNITED STATES FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Judge:   Magistrate Judge Peter H. Kang |
|---|---|---|

Respondent and non-party Google LLC ("Google") responds to Applicant United States of America's ("Applicant") Unopposed Application For Order Pursuant to 28 U.S.C. § 1782 ("Application"). Google understands that Applicant is seeking authorization to serve a subpoena on Google. Google does not oppose issuance of the subpoena,[1] but it reserves all rights and objections with respect to the subpoena. *See, e.g.*, *In re Nagatsuki Ass'n*, No. 20-MC-80030-SVK, 2020 WL 887890, at *2 (N.D. Cal. Feb. 24, 2020) ("orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued") (quotation omitted); *see also CPC*, 34 F.4th at 809 (recognizing that there may be subsequent motion to quash proceedings following the grant of a Section 1782 application).

Even where non-parties have been served with Section 1782 applications, courts routinely recognize that non-parties may raise challenges to subpoenas after their issuance. *See, e.g.*, *In re Ex Parte Application of Kakedzuka Mfg. Co., Ltd.*, Case No, 22-mc-80133-NC, Dkt. 11 (N.D. Cal. July 29, 2022) (granting Section 1782 application with consent of the parties but allowing provider and account holder a period of time to move to quash the subpoena following service); *In re Ex Parte Application of Team Co., Ltd.*, Case No. 22-mc-80183-VKD, Dkt. 14 (N.D. Cal. Sept. 7, 2022) (same); *In re Ex Parte Application of Medical Corporation Seishinkai*, Case No. 22-mc-80136-NC, Dkt. 12 (N.D. Cal. Sept. 8, 2022) (same).

Indeed, because the Court has not issued a subpoena, it would be premature for Google to challenge the subpoena or give notice of the subpoena to any affected account holders. Thus, Google respectfully requests that, as set out in the Application by the Government, any order granting the Application expressly provide for the following schedule, which will give Google and the account holders an opportunity to raise any objections:

   1.   Within 10 calendar days of service of the subpoena and the order, Google shall attempt to notify the account holders of the subpoena and order;

---

[1] The Ninth Circuit has ruled that a magistrate judge must have the consent of all parties to rule on a Section 1782 application. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 810 (9th Cir. 2022) ("*CPC*"). Google has consented to proceed before a magistrate judge. *See* ECF No. 8.

-1-

-2-

2.   The account holder(s) shall have 21 days from the date they receive the subpoena to file a motion contesting the subpoena.

2.   Google shall have 30 days from the date it gives notice to the account holders to file a motion contesting the subpoena.

Should the subpoena issue, Google intends to meet and confer regarding the requests and, if necessary, seek intervention from the Court.

Dated:  June 30, 2023                           **PERKINS COIE LLP**


By: */s/ Julie E. Schwartz*
     Julie E. Schwartz, Bar No. 260624

Attorney for Non-Party
GOOGLE LLC